**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:18-cr-77 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| ROBERT MOORE, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING**
**DEFENDANT'S MOTION FOR BOND**

This criminal case is before the Court on Defendant's motion for release on bond pending sentencing (Doc. 31) and the Government's response in opposition (Doc. 32).

**I. BACKGROUND**

On May 16, 2018, a federal grand jury returned a three-count indictment against Defendant Robert Moore, charging him with: possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 1 and 2); and possession of a firearm by a prohibited person (*i.e.*, felon in possession of a firearm), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). (Doc. 3). As charged, Defendant faced a statutory maximum term of up to twenty years in prison on Counts 1 and 2, as well as up to ten years in prison on Count 3. *See* 21 U.S.C. § 841(b)(1)(C); and 18 U.S.C. § 924(a)(2).

Based on Defendant's charges, there was a rebuttable presumption that no bond condition or combination of conditions would reasonably assure his appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Moreover, Defendant had at least

one outstanding warrant and a pending parole revocation detainer. (Doc. 39 at 5-6).[1] Accordingly, Defendant never contested pretrial detention. (*See*, *e.g.*, Doc. 12).

On April 11, 2019, Defendant appeared before this Court and entered his plea of guilty to Count 3 of the Indictment, pursuant to a Rule 11(c)(1)(C) plea agreement. (Min. Entry, Apr. 11, 2019; Doc. 21). Under the terms of the plea agreement, the parties agreed to a proposed binding sentence of 108 months incarceration. (Doc. 21, ¶ 7). The Court accepted Defendant's guilty plea but deferred acceptance of the Rule 11(c)(1)(C) plea agreement pending the preparation of the Presentence Investigation Report ("PSR"). (Min. Entry, Apr. 11, 2019).

Since that time, Defendant's PSR has been completed, reflecting a recommended Guideline range of 110-120 months.[2] The PSR also details Defendant's egregious criminal history, resulting in a Criminal History Category of VI. Further, the PSR notes that Defendant does not suffer from any illness, which Defendant has himself confirmed in interviews to both U.S. Pretrial and U.S. Probation. (Doc. 39 at 2; PSR, ¶¶ 144-146).

---

[1] On September 9, 2019, this Court granted Defendant's "release" from federal custody, in order to allow him to revert to state custody and resolve his active parole detainer. (Doc. 24). The Court once again took custody of Defendant immediately upon resolution of his parole. (Doc. 25). Accordingly, Defendant's "release" served merely as a form of transfer, during which Defendant remained in custody at all times.

[2] The Government objects to the Guideline calculation and maintains that Defendant qualifies as a career offender. However, given that Defendant faces a statutory maximum of 120 months, as well as the terms of the Rule 11(c)(1)(C) plea agreement, the outcome of the objection is unlikely to have a significant impact on Defendant's Guidelines range and his ultimate sentence.

Defendant now moves for release pending sentencing, citing to health concerns posed by the ongoing COVID-19 pandemic.  (Doc. 31).  The Government opposes Defendant's release, noting that Defendant is neither at high-risk of health complications, nor is release appropriate in light of the applicable legal standard.  (Doc. 32).

## II.  STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3143(a)(1):

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c).

In determining whether any conditions will reasonably assure a defendant's appearance and the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released.

## III.  ANALYSIS

The Court acknowledges the significant risk posed by the pandemic, particularly to those individuals held in detention.  However, it bears repeating that Defendant neither suffers from underlying conditions, nor are there any confirmed COVID-19 cases among the federal detainees in the Butler County Jail.  Thus, absent a showing, by clear and

3

convincing evidence, that Defendant is neither a flight risk nor a danger to the community, the Court must order Defendant's continued detention.

First, the nature and circumstances of the offense are serious.  By his own admission in the Statement of Facts, Defendant was stopped by police officers for traveling 111 MPH in 55 MPH zone, and was found to be driving without a license and in possession of both cocaine and a semi-automatic firearm with an extended magazine, loaded with 15 rounds of .40 caliber ammunition.  (Doc. 21 at 6).  The Court acknowledges that *possession* of a firearm is certainly 'non-violent' compared to the *use* of a firearm.  Regardless, particularly given Defendant's egregious criminal history, the Court hardly finds this distinction persuasive.

Second, as to the weight of the evidence, Defendant has already entered a plea of guilty.

Third, Defendant's history and characteristics weigh strongly in favor of continued detention.  To start, Defendant has never held lawful employment and he admits that he unlawfully uses marijuana daily.  (PSR, ¶¶ 149, 152).  More importantly, however, Defendant has a lengthy and significant criminal record, which includes criminal trespass, breaking and entering, drug possession, aggravated drug trafficking, and numerous convictions for weapons under disability.  (*Id*. at ¶¶ 45-103).  Defendant also has a history of disciplinary issues while incarcerated, as well as a history of failure to abide by supervision and violations of probation and parole.  (*Id*.)  Moreover, Defendant has served significant terms of imprisonment for some of his prior offenses, and yet appears to be undeterred by the threat of further incarceration.  (*Id*.)  Accordingly, the

4

Court cannot conclude that any conditions of bond would ensure Defendant's compliance.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community if the defendant is released.  Given Defendant's history, the seriousness of the instant offense, and the lengthy term of imprisonment Defendant currently faces, the Court finds that Defendant poses a risk of flight and poses a significant risk to the safety of the community.

Having considered the statutory factors, the Court finds that, despite the ongoing pandemic, Defendant's continued detention is warranted.

Accordingly, Defendant's motion for bond (Doc. 31) is **DENIED** and Defendant Robert Moore **SHALL** remain detained pending sentencing.

**IT IS SO ORDERED.**

Date:  11/20/2020                                              *s/ Timothy S. Black*
                                                              Timothy S. Black
                                                              United States District Judge