# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**ROBERT MOORE,**

    **Defendant.**

Case No. 1:18-cr-077
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant Robert Moore's Motion to Withdraw Guilty Plea (Doc. 43). For the reasons explained below, the Court **DENIES** the Motion.

## BACKGROUND

On May 16, 2018, a federal Grand Jury returned a three-count indictment against Moore (Doc. 3). Count Three alleged Moore had violated 18 U.S.C. § 922(g) by possessing a firearm while a prohibited person. The remaining two counts alleged possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (*Id.*).

On April 11, 2019, Moore pled guilty to Count Three pursuant to a plea agreement under Fed. R. Crim. Pro. 11(c)(1)(C) that called for a sentence of 108 months of incarceration. (*See* Plea Agreement, Doc. 21). At the plea hearing, the Court (the case was then assigned to Judge Black) accepted Moore's plea, but deferred acceptance of the plea agreement itself pending the outcome of the presentence investigation. (Change of Plea Hr'g Tr., Doc. 42, #140). As part of the plea agreement,

the Government agreed to dismiss the distribution counts upon entry of the final judgment. (Doc. 21).

On September 9, 2019, before the sentencing hearing occurred, the Court granted Moore bond, so that he could be returned to state custody in Ohio to resolve a parole detainer lodged against him. (Doc. 24). Moore returned to federal custody in January 2020. (Mot., Doc. 43, #146[1]). Approximately seven months later, with the sentencing hearing not yet completed, Moore filed a pro se motion to withdraw his plea. (Doc. 33).

Because Moore was still represented by counsel, the Court ordered the motion terminated. (*See* 8/17/20 Notation Order). Moore's attorney, though, had separately filed a motion to withdraw from representation. The same day the Court terminated the pro se motion, it granted the attorney-withdrawal motion and appointed new counsel. (Doc. 35). Approximately a month later, that new attorney also filed a motion to withdraw, which the Court granted on October 8, 2020. (Doc. 37).

The Court then appointed Moore's current attorney, William Gallagher. Roughly a month later, the matter was transferred to the undersigned. (Doc. 41). On January 26, 2021, Gallagher filed the pending motion to withdraw Moore's plea. (Doc. 43). The Government filed its opposition on February 2, 2021. (Doc. 44).

After briefing was complete, Moore's counsel sought pre-hearing continuances to further investigate potential arguments, and to ensure that witnesses would be available. Once Moore was ready to proceed, the Court scheduled the hearing for

---

[1] Refers to #PageID.

September 7, 2021. (*See* 8/4/21 Minute Entry). The Court then continued the hearing one more time at Moore's request. (*See* 9/7/21 Minute Entry). The Court held a hearing on November 1, 2021. (*See* 11/1/21 Minute Entry). Moore was the only witness who testified. (*Id.*).

## THE PENDING MOTION

Moore's Motion walks through the seven-factor test for withdrawing pleas that the Sixth Circuit first announced in *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994), and has repeated multiple times since. *See, e.g.*, *United States v. Goddard,* 638 F.3d 490, 494 (6th Cir. 2011); *United States v. Catchings,* 708 F.3d 710, 717–18 (6th Cir. 2013); *United States v. Stampe,* 994 F.3d 767, 773 (6th Cir. 2021). The gist of Moore's argument, though, is that he received ineffective assistance of counsel in connection with his decision to plead guilty, and thus the Court should allow him to withdraw his plea now. More specifically, Moore claims that his attorney incorrectly advised him that Moore would qualify as a "career offender," and thus would have faced up to life in prison on the distribution charges. (Mot., Doc. 43, #146). Moore claims this is incorrect advice in that, after Moore pled guilty, the Sixth Circuit decided *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc). And under *Havis*, Moore would not have qualified as a career offender. In the affidavit he attached to his motion, and in his testimony at the hearing, Moore says that, had he not faced exposure as a career offender, he would not have accepted the plea deal, and instead would have gone to trial. (Doc. 43-1, #153). Thus, he would like to withdraw his plea. Moore's wife likewise provided an affidavit averring that, but for

3

his fear of the career offender label, Moore would not have accepted the plea deal. (*Id.* at #154–55).

## LAW AND ANALYSIS

The parties agree that *Bashara's* seven-factor test controls the Court's analysis of the pending motion. They disagree, however, as to where those seven factors lead on the facts here. The seven factors are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Benton*, 639 F.3d 723, 727 (6th Cir. 2011) (quoting *Bashara*, 27 F.3d at 1181). The Court addresses each of the seven in turn.

### A.   Time That Elapsed Before Withdrawal Sought.

As Moore concedes, the purpose of allowing a defendant to withdraw a plea is to "allow a hastily entered plea made with unsure heart and confused mind to be undone." (Mot., Doc. 43, #147 (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). Thus, an important factor for the Court to consider is the amount of time that has elapsed between when the defendant entered his plea and when he sought to withdraw it. As the Government notes, haste in seeking withdrawal is important, and the Sixth Circuit has cited time periods as short as 77 days, or even shorter, as a basis supporting the court in *denying* a motion to withdraw. (*See* Opp., Doc. 44, #160 (citing multiple Sixth Circuit cases)).

Here, the time period is far longer than that—Moore calls it "a mere 467 days." (Mot., Doc. 43, #148). Under Sixth Circuit plea-withdrawal precedent, though, "mere" and "467 days" do not belong together. A delay of more than a year counts strongly against allowing Moore to withdraw his plea now. That is particularly true in that the issue on which he relies as the basis for his withdrawal—*Havis*'s impact on his "career offender" status—was known (or at least knowable) to Moore no later than shortly after September 6, 2019, when the probation office provided a copy of the presentence investigation report to his then-counsel, with a cover letter instructing that counsel to immediately provide it to Moore.[2] (Final Presentence Report). That report specifically notes that, although Moore had three prior state convictions involving controlled substances, "only one of the convictions qualifies as a controlled substance offense based on the recent Sixth Circuit decision in *U.S. v. Havis*." (Final Presentence Report, 8). Nonetheless, Moore waited an additional ten months beyond that before first filing his pro se motion to withdraw his plea. (Doc. 33).

**B.      The Reason For Failing To Move For Withdrawal Earlier.**

Moore claims that the reason for his failure to move earlier was his ongoing confusion about his "career offender" status. (Mot., Doc 43, #148). In making this argument, though, he appears to concede that the presentence investigation report caused him to "conduct independent research" on the issue. (*Id.*). So, at the very least, he was on inquiry notice at that time, and was actually inquiring. Yet, he points to

---

[2] There is no evidence in the record suggesting that counsel did not do so, nor does Moore make any such argument.

5

no steps that he took to raise this issue with his counsel, nor does he set forth when he claims he actually learned of his new view on this issue.

Moreover, as Moore concedes, this factor dovetails to some extent with factor four—the circumstances underlying the plea. (*Id.*). Moore says that the reason for his failure to withdraw his plea earlier was his "mistaken belief" that he would be a career offender—a mistake that arose due to poor advice. (*Id.*). But, as detailed below, at the time that Moore took the plea, *Havis* had not been decided. Thus, his attorney did not provide bad advice at the time offered. Accordingly, "bad advice" serves as neither a good reason not to move to withdraw earlier (i.e., this *Bashara* factor), nor as an improper circumstance underlying the original plea (i.e., *Bashara* factor four).

**C.     Whether The Defendant Has Asserted Or Maintained His Innocence.**

The third *Bashara* factor asks whether the defendant has "asserted or maintained his innocence." This factor counts strongly in favor of rejecting Moore's request to withdraw his plea. Moore is not claiming that he is innocent. To the contrary, at the plea hearing, he admitted under oath to a statement of facts that showed he was a felon-in-possession. (4/11/19 Minute Entry). More specifically, he admitted he was speeding (which provided reasonable basis for the traffic stop); he admitted that he had a gun in the glove compartment; he admitted that it belonged to him; and he admitted that prior to the date of his stop, he knew he had been convicted of crimes punishable by a term exceeding one year. (Change of Plea Hr'g Tr., Doc. 42, #136–38). Given the relatively extensive criminal history reported in his

6

presentence investigation, the Court finds little reason now to doubt that Moore knew he was a prohibited person for purposes of § 922(g).

Even in the affidavits attached to his Motion, neither Moore nor his wife contend he is actually innocent of the felon-in-possession charge. (*See* Doc. 43-1). Rather, it now appears that, with the prospect of the career-offender designation gone, post-*Havis*, Moore's "tolerance for … risk" on conviction on the other two counts (as well as this one) has gone up. (Mot., Doc. 43, #149). A change in a defendant's desire for trial, based on a change in the potential outcomes associated with that trial, is not a basis for withdrawing a plea.

### D.  The Circumstances Underlying The Guilty Plea.

Moore claims his plea was not knowing, intelligent, or voluntary because of the "incorrect advice" from his prior counsel. (*Id.*). As noted, his principal basis for this claim is that his attorney should have advised him differently on the "career offender" designation.

The problem with Moore's argument is that, as a general matter, counsel "is not ineffective for failing to predict the development of the law." *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010); *see also, e.g.*, *Owens v. United States*, No. 3:06-CR-121, 2020 WL 6082729, at *6 (E.D. Tenn. Oct. 15, 2020)("Counsel is not ineffective for failing to predict a future change in the law.") (citing *United States v. Burgess*, 142 F. App'x 232, 241 (6th Cir. 2005)). The only exception to this is where the development was "clearly foreshadowed by existing decisions." *Thompson*, 598 F.3d at 288.

7

At the time of Moore's plea hearing, the Sixth Circuit's decision in *United States v. Evans*, 699 F.3d 858 (6th Cir. 2012), controlled on the question of whether a particular offense was a "controlled substance offense," and thus counted toward a career-offender designation. Under *Evans*, attempt crimes counted. *Id.* Indeed, the October 2018 panel decision in *Havis* itself confirmed that this approach was still good law in the Circuit. *See United States v. Havis*, 907 F.3d 439, 442 (6th Cir. 2018).

Thus, at the time Moore negotiated his plea agreement, and even when his plea hearing occurred in April 2019, the advice his attorney provided on this issue was correct. To be sure, the panel decision in *Havis* had raised concerns about aspects of *Evans*, and the defendant in *Havis* had filed a petition for rehearing en banc, to which the Sixth Circuit promptly had ordered a response. Pet. for En Banc Reh'g, *United States v. Havis,* 921 F.3d 628 (6th Cir. 2019) (No. 17-5772); Letter Directing Resp. to En Banc Pet., *United States v. Havis,* 921 F.3d 628 (6th Cir. 2019) (No. 17-5772). But, it was not until a week *after* the plea hearing that the Sixth Circuit granted the petition and set the *Havis* matter for rehearing en banc. *United States v. Havis,* 921 F.3d 628 (6th Cir. 2019). That the appeals court had raised concerns about an issue, and even ordered the Government to respond to a petition for rehearing en banc, strikes this Court as falling well short of "clearly foreshadowing" a change in the law. *See Thompson*, 598 F.3d at 288. Thus, Moore's counsel was not ineffective for failing to predict what the Sixth Circuit would do some two months later.

Furthermore, the life-imprisonment-based-on-career-offender-status issue arises only as to the distribution counts. And the Government *dropped* the

8

distribution counts as part of the plea deal. (*See* Plea Agreement, Doc. 21). Moreover, while the career offender issue admittedly may have some impact (although much less) on the guidelines range for the § 922(g) charge, the sentence contained in the plea deal is below guideline range even when calculated (as the Probation Office did here) without a career-offender enhancement. (*Compare* Plea Agreement, Doc. 21, #41 *with* Final Presentence Report, 2). In other words, the sentence in Moore's 11(c)(1)(C) plea agreement is *lower* that the proposed guideline sentence, even under post-*Havis* rules. And, as noted above, Moore has not claimed that he was innocent of the § 922(g) charge.

In short, the Court cannot conclude that Moore's plea resulted from ineffective assistance of counsel, or that holding Moore to his plea works any fundamental injustice upon him.

### E.     **The Defendant's Nature And Background.**

The next factor relates to the Defendant's nature and background, and the question appears to be whether those factors would give reason to suggest that the Defendant did not understand the nature of his plea.

Based on the Court's review of the plea hearing transcript, the Court finds no reason to be concerned that Moore's nature and background prevented him from understanding the nature of the charge at issue, or the consequences of his plea. To start, Judge Black made express findings of fact on those issues at the plea hearing, and Moore has presented no contrary evidence now. (Change of Plea Hr'g Tr., Doc. 42, #139). Moore points to the fact that he did not attend high school, and instead has

9

a GED, but as already noted, the elements of the crime at issue here were straightforward. (Mot., Doc. 43, #150). Moreover, as detailed further below, Moore had extensive experience with the criminal justice system (albeit at the state level) prior to this offense, and thus was not a newcomer to how the criminal justice system operates.

**F.     The Defendant's Prior Experience With The Criminal Justice System.**

"In considering how much experience the defendant has with the criminal justice system, [the Sixth Circuit] has distinguished those defendants that are 'novice[s] to the criminal law' from those that are 'knowledgeable and shrewd.'" *United States v. Turner*, 624 F. App'x 331, 337 (6th Cir. 2015) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)). Moore is certainly not the former. He has an extensive criminal history, including multiple adjudications when he was a juvenile. (Final Presentence Report, 9–27). As an adult, he has been convicted of nine felonies, and has many more arrests that resulted in fines or other dispositions. (*Id.*). To be sure, as he notes, this is his first interaction with the *federal* criminal system, but the processes are sufficiently similar that the Court struggles to believe that he was adrift in an entirely unfamiliar sea during this foray into federal court. (Mot., Doc. 43, #150). Thus, this factor counts against Moore.

**G.     Potential Prejudice To The Government If Withdrawal Is Granted.**

The remaining factor under *Bashara* is whether the Government will be prejudiced by withdrawal. As the Government notes, the Court need not reach this issue if a defendant fails to "establish a fair and just reason allowing for withdrawal."

10

*Turner*, 624 F. App'x at 337 (quoting *United States v. Goddard*, 638 F. 3d 490, 495 (6th Cir. 2011)). Here, the Court finds that Moore has failed to make that showing, and thus the Government need not show prejudice.

Even were that not the case, though, the Government has shown prejudice. As the Sixth Circuit observed in *Turner*, one form of prejudice can be that "a significant delay would likely hamper the Government's ability to prove its case." *Id*. Granting Moore's Motion now would result in a trial in this case occurring more than three years after the underlying events took place. To be sure, the facts at issue here are relatively straightforward, but the Court agrees with the Government that the law enforcement officials who would testify at trial may struggle to remember the details of a traffic stop that happened more than three years ago. (Opp., Doc. 44, #165). That struggle may lead a jury to question the officers' credibility or recollections for no reason other than the delay-induced failure to remember. The Government also notes that it is likely to call civilian witnesses to testify. (*Id*.). It is unlikely that their recollection of events would be as sharp today as if this matter had proceeded to trial at or around the time of the plea hearing.

In short, the delay here may have significant impact on the Government's ability to move forward successfully with this case. Yet, that delay is properly attributable to Moore's conduct, not the Government's. Accordingly, this factor, to the extent it bears consideration, also weighs against allowing Moore to withdraw his plea.

11

## CONCLUSION

For the foregoing reasons, this Court **DENIES** Moore's Motion to Withdraw Guilty Plea (Doc. 43). This matter shall be set for a sentencing hearing forthwith.

**SO ORDERED.**

November 12, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**